IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas A. Williams, | ) C/A 2:13-cv-02969 RMG-WWD |
|           Plaintiff, | ) |
| vs. | ) |
| The North Charleston Police Department, Officer C. Arroyo, | ) **REPORT AND RECOMMENDATION** |
|           Defendants. | ) |

This civil rights action brought by Plaintiff Thomas A. Williams, proceeding pro se alleging excessive force against the Defendants North Charleston Police Department and Officer C. Arroyo is before the undersigned United States Magistrate Judge for a Report and Recommendation on the Defendants motion to dismiss the case, or in the alternative, for summary judgment.  28 U.S.C. § 636(b) and  Local Civil Rule 73.02.

The case was removed to this court from the Court of Common Pleas for Charleston County, South Carolina, on October 31, 2013, which removal was based on Federal Question Jurisdiction, 28 U.S.C. § 1331, because Plaintiff alleged constitutional violations of his civil rights[1] involving excessive force, false arrest, and false

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983

1

imprisonment over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C. § 1441 and 1443.

The defendants timely answered the complaint. On January 14, 2014, they filed the instant motion with sworn affidavits of three (3) officers involved in the incident of which the Plaintiff complains, as well as copies of relevant incident reports.

On January 27, 2014, Plaintiff was provided a <u>Roseboro</u> Order[2] advising him of is "of the dismissal/summary judgment procedures and the possible consequences if you fail to respond adequately to defendant's motion." (Dkt. 18).

On February 27, 2014, Plaintiff filed his response to the motion in which he retold his version of events, but which was not verified under penalty of perjury, and made legal arguments against summary judgment. He also filed statements of Starr Stephens and Terry Green which were denominated "AFFIDAVIT" but, again, were not verified under penalty of perjury. On June 5, 2014, the case was reassigned to the undersigned. Hence it appears consideration of the motion is appropriate.

SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a

---

[2] The court entered this order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to <u>pro se</u> litigants).

verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also, Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ; see First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## DISCUSSION

A review of the record and relevant case law reveals that the Defendants' Motion for Summary Judgment should be granted as there is no genuine question of material fact precluding judgment as a matter of law.

The Defendants motion is based on the undisputed affidavits of the officers involved that they had reasonable cause to believe that Plaintiff had trespassed into his neighbors' home after notice and had destroyed property based upon his neighbor's accusations and her 911 emergency assistance call, and that Plaintiff escalated tensions during the encounter with police officers investigating the neighbor's

complaints, so that Defendants justifiably arrested him and transported him to the Detention Center without the use of unreasonable force.

Plaintiff presented no evidence to place the Defendants' evidence in question. He filed statements denominated "Affidavit"s but which did not meet the evidentiary requirements of a legally sufficient affidavit.  Therefore, the undisputed facts in this case show that the Defendants violated none of Plaintiff's rights as a matter of law.

An affidavit is a written statement of facts, "confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Black's Law Dictionary 58 (6th ed.1990).  However, unsworn declarations captioned as "affidavits", as here, may be considered for purposes of summary judgment so long as they satisfy the requirements of 28 U.S.C. § 1746 (1976). See Peters v. Lincoln Electric Co., 285 F.3d 456, 475 (6th Cir. 2002); Willard v. Internal Revenue Serv., 776 F.2d 100, 102 n. 3 (4th Cir. 1985); Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985).

> Section 1746 provides:
>
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> ...
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).  (Signature)".

Therefore, 28 U.S.C. § 1746 does not require an affidavit to be notarized at all so

long as the affidavit otherwise complies with the statute. Where the requirements of § 1746 are met, "a district court should not be unnecessarily hyper-technical and overly harsh" on a party who has otherwise failed to meet the technical requirements for executing affidavits. Pfeil, 757 F.2d 859.

Nevertheless, Plaintiff's statements submitted by his witnesses were either notarized or declared under the penalty of perjury. See FED. R. CIV. P. 56(c)(1)(A) (permitting either "affidavits" or "declarations"); 28 U.S.C. § 1746 (a litigant may rely on an "unsworn declaration, certificate, verification, or statement" if it is subscribed "as true under penalty of perjury"); see also Williams v. Sielaff, 914 F.2d 250, 250 (4th Cir.1990). In short, an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that Defendants' motion for summary judgement be granted and this matter ended.

**IT IS SO RECOMMENDED**.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 21, 2014
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).