IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas A. Williams, | ) |
|     Plaintiff, | ) No. 2:13-cv-02969-RMG |
| vs. | ) **ORDER** |
| The North Charleston Police Department; Officer C. Arroyo, | ) |
|     Defendants. | ) |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge recommending that Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment be granted. (Dkt. No. 24). Plaintiff filed timely objections. (Dkt. No. 27). For the reasons stated below, the Court **ADOPTS** the R & R and **GRANTS** Defendants' Motion for Summary Judgment.[1]

### Background

Plaintiff alleges that Defendant Arroyo falsely imprisoned/arrested him and used excessive force on the night of October 3, 2011, when Arroyo arrested Plaintiff and charged him with trespassing and damage to property. (Dkt. No. 1-1). Defendants filed a motion for summary judgment, attaching three affidavits concerning the events of October 3, 2011, and establishing that Defendants had probable cause to believe Plaintiff had trespassed and destroyed his neighbor's property, based on his neighbor's accusations and call for emergency assistance. (*See* Dkt. Nos. 16-1, 16-2 and 16-3). These witnesses also testify that Plaintiff was "erratic,"

---

[1] Because the Magistrate Judge and the undersigned has considered affidavits submitted with Defendants' motion, it is one for summary judgment.

"defensive," and placed his hands suspiciously "near his belt line." (*Id.*). Thus, Plaintiff and Officer Bailey used the "minimum force necessary to take Plaintiff to his couch where we were able to place him in handcuffs." (Dkt. No. 16-1 at 4; Dkt. No. 16-2 at 4).

Plaintiff responded to Defendants' motion with two unsworn statements by his neighbors and a Disability Adjudication from the Social Security Administration. (Dkt. No. 20-1). In briefing, Plaintiff argues that police officers "shined flashlights in my face to intimidate and confuse met and then physically attacked me" but does not provide any details of the alleged attack. (Dkt. No. 20 at 2)

The Magistrate Judge found that because the affidavits submitted by Plaintiff were neither sworn nor declared under penalty of perjury, they were not competent evidence for the purposes of summary judgment. (Dkt. No. 24 at 4-5). Therefore, the Magistrate Judge found that Plaintiff failed to present any evidence to dispute the affidavits submitted by Defendants, and summary judgment was appropriate. (*Id.*). Plaintiff filed timely objections, stating among other things that "[t]he affadavits [sic] submitted do not need to be sworn." (Dkt. No. 27 at 1).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made.

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## Discussion

The Magistrate Judge is correct that to be competent evidence considered on summary judgment, an affidavit or declaration must either be sworn under oath or made under penalty of perjury. *E.g., Geter v. Powers*, No. 8:07-3849, 2008 WL 5245321 at *1 (D.S.C. Dec. 16, 2008). However, even if the Court considered the statements submitted by Plaintiff, they would not create an issue of fact as to whether Defendants had probable cause to arrest Plaintiff or as to whether Defendant Arroyo used excessive force.

Plaintiff's neighbors state that Plaintiff did have permission to enter their home on October 3, 2011, and that he did not cause any damage to their property. (Dkt. No. 20-1 at 1-2). While such statements may be relevant to whether Plaintiff was actually guilty of the offenses charged, they do not dispute the facts relied on by Defendants for probable cause.[2] The statements made by Plaintiff's neighbors do not dispute that someone made an emergency call for help from the residence at issue, that a disturbance could be heard in the background, that the caller claimed Plaintiff would not leave the residence, or that the call had been disconnected and dispatch could not get the caller back on the line. These written statements do not dispute that the caller, Ms. Smith, was crying when officers arrived on the scene and that she informed the officers that Plaintiff had forced entry into the residence, broken the door frame and refused to

---

[2] Plaintiff also objects that "[t]he magistrate seems to completely ignore the facts outlined in my previous response concerning expungement." (Dkt. No. 27 at 1). Again, the fact that Plaintiff was not ultimately found guilty of the crimes charged does not necessarily mean that the officers who arrested him lacked probable cause at the time of arrest.

leave. Indeed, Mr. Green states that "[a]ny statements which may have been made contradictory to the above were probably made by my companion at that time and in the emotion of the moment," indicating such comments were indeed made to officers at the time. (Dkt. No. 20-1). Thus, even considering these statements, Plaintiff has presented no evidence to dispute the officer's accounts of the evening and their basis for probable cause.

The written statements submitted by Plaintiff also do not contain any information about the alleged use of excessive force. Indeed, the alleged use of excessive force occurred at Plaintiff's residence when his neighbors were not present. Plaintiff submits a decision by an Administrative Law Judge that finds him disabled under the Social Security Act. However, this document does not provide any insight as to the amount of force used by Defendant Arroyo when Plaintiff was handcuffed. Plaintiff has provided no evidence showing the amount of force used or suggesting that the amount of force was unreasonable under the circumstances. Therefore, summary judgment is appropriate.

## Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 24) and **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 16).

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

August 25, 2014
Charleston, South Carolina